IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Masters Pharmaceutical, Inc., | : | |
| | : | Case No. 1:08-cv-889 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING MOTION FOR |
| Minnesota Independent Cooperative, Inc., | : | PARTIAL SUMMARY JUDGMENT |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion for Partial Summary Judgment as to Defendant's Counterclaim (doc. 8). For the reasons that follow, the Court will **DENY WITHOUT PREJUDICE** Defendant's motion.

## I. INTRODUCTION

The parties' dispute arises from the sale of pharmaceutical goods from Defendant Minnesota Independent Cooperative, Inc. ("Seller") to Plaintiff Masters Pharmaceutical, Inc. ("Buyer"). In the Complaint, Buyer asserts several claims against Seller—breach of warranty, negligence, statutory violation, and fraud—alleging that Seller sold it two batches of pharmaceutical inhalers which federal authorities later seized on the grounds that the inhalers had been stolen in transit. In the Answer and Counterclaim, Seller denies liability on Buyer's claims and asserts multiple counterclaims—sounding in contract, quasi-contract, and tort—alleging that Buyer owes Seller a balance of $1,190,446.92 for credit extended or goods sold from Seller to Buyer. The pharmaceutical goods which Seller sold to buyer included both the inhalers, which are the subject of Buyer's claims against Seller, and other non-inhaler pharmaceutical goods. Seller now moves for partial summary judgment on its counterclaims as

1

to the amount Buyer allegedly owes Seller for the non-inhaler pharmaceutical goods. Additional specific facts relative to the parties' arguments are set forth in the Analysis section below.

## II. STANDARDS GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). On a motion for summary judgment, the movant has the burden of showing that no genuine issues of material fact are in dispute, and the evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). The nonmoving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249. A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252.

## III. ANALYSIS

Seller moves for judgment as to Buyer's liability for the cost of the non-inhaler pharmaceutical goods sold to Buyer in the amount of $497,313.73. Seller supports its motion with the affidavit testimony of Alan E. Shelton, an accountant for Seller, as follows: Seller entered into an agreement with Buyer whereby Seller provided Buyer with approximately 47,000 inhalers, plus other non-inhaler pharmaceutical goods, on credit in the amount of $1,190,446.92. (Shelton Aff. ¶ 3.) This total included $497,313.73 for the non-inhaler pharmaceutical goods. (*Id.* ¶ 7.) Seller delivered the inhalers and other pharmaceutical goods to Buyer pursuant to the agreement. (*Id.* ¶¶ 4-6.) Seller made a demand to Buyer for the amount owing, but Buyer refused to pay based on allegations that the inhalers which Seller had sold to Buyer had been stolen. (*Id.* ¶ 7.) Seller contends that notwithstanding Buyer's allegations about the inhalers, Buyer is obligated to pay the amount owing for the non-inhaler pharmaceutical goods it purchased. Seller seeks partial summary judgment on its counterclaim insofar as Buyer is liable in the amount of $497,331.73 for the non-inhaler pharmaceutical goods.

In its memorandum opposing summary judgment, Buyer acknowledges that it purchased the non-inhaler pharmaceutical goods, but it presents new evidence suggesting Seller breached its warranty to Buyer as to the non-inhaler pharmaceutical goods. Buyer supports its opposition to the partial summary judgment motion with the affidavit testimony of Kevin Moore, the chief financial officer for Buyer, and Hassan Sabri Hamed, the president of a non-party company called Droguería Caballero del Caribe, Inc. ("Caballero"), as follows: Buyer concurs that it purchased non-inhaler pharmaceutical goods in the amount of $497,313.42 from Seller. (Moore Aff. ¶ 10.) Buyer asserts that Seller represented to it, "via its pedigrees," that it had obtained

3

almost all of the non-inhaler pharmaceutical goods from Caballero. (*Id.*)[1] Buyer points out that Seller executed a Continuing Supplier Warranty Concerning Rx Products and Medical Devices ("the Warranty") in favor of Buyer as to the products it sold to Buyer. (*Id.* Aff. ¶ 5 & Ex. 1.) In the Warranty, Seller warranted to Buyer that the products it sold to Buyer were not stolen or counterfeit, that the products had been handled and transported in accordance with applicable laws, that products had not been mislabeled or adulterated, and that the products had not been obtained by fraud or misrepresentation or in violation of the law. (*Id.* Ex. 1 ¶ 1.) Seller also warranted to credit Buyer with the full purchase price if products were rendered unsalable by any act or omission of Seller. (*Id.* Ex. 1 ¶ 6.)

Buyer asserts that it is not liable to Seller in the amount of $497,313.42 for the non-inhaler pharmaceutical goods because Seller violated the Warranty as to those goods. Hamed, on behalf of Caballero, avers that Caballero never sold any prescription medications or pharmaceutical products to Seller. (Hamed Aff. ¶ 5.) Buyer's evidence establishes a genuine issue of material fact as to whether Seller's representations regarding the pedigree of the non-inhaler pharmaceutical goods—that Seller purchased the goods from Cabellero—were false and whether Seller breached the Warranty. Seller did not file a reply brief nor offer any rebuttal evidence. As such, Seller is not entitled to summary judgment at this time on its counterclaim that Buyer owes it $497,313.42 for the purchase of non-inhaler pharmaceutical goods.

---

[1] Buyer does not explain the format or content of the "pedigrees." Buyer also does not identify the quantity or type of non-inhaler pharmaceutical goods which Seller claimed to have purchased from a supplier other than Caballero. Seller, for its part, does not refute or clarify in any manner Moore's statement that Seller represented to Buyer that it purchased the products from Caballeros.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment as to Defendant's Counterclaim (doc. 8) is **DENIED WITHOUT PREJUDICE**. Either party may move for summary judgment on the issues raised herein by the deadline for dispositive motions not directed to the pleadings.

IT IS SO ORDERED.

    ___s/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court